**HELLER et al. v. KREIDER et al.**

**ICKES, Federal Emergency Public Works Administrator, v. SAME.**

**Nos. 6501, 6534.**

Circuit Court of Appeals, Third Circuit.

June 27, 1938.

Bernard J. Myers, of Lancaster, Pa., and Edward A. Kallick, of Philadelphia, Pa., for appellants.

James W. Morris, Asst. Atty. Gen., Enoch E. Ellison, Atty., Dept. of Justice, of Washington, D. C., J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and Thos. J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., for appellant Harold L. Ickes.

Michael Francis Doyle, of Philadelphia, Pa., for appellees.

Before BUFFINGTON and BIGGS, Circuit Judges, and WATSON, District Judge.

BUFFINGTON, Circuit Judge.

This case concerns the erection of a consolidated school house by the Township of East Lampeter, in the County of Lancaster, Pennsylvania. The whole matter is local.

Two of the present plaintiffs, all of whom were residents and taxpayers of the township, joined with a third fellow citizen and taxpayer in the filing of a bill in the Court of Common Pleas of

Lancaster County against the School Directors of the township, praying they be enjoined from building the consolidated school house. On hearing, the Judge denied the prayer of the petitioners for a preliminary injunction and directed the bill be filed, which was done and an answer filed. Thereupon the School Board proceeded with the erection of the consolidated school. Such consolidated schools were authorized by the laws of Pennsylvania.[1]

While the case in the state court was thus pending, two of the plaintiffs in that case joined with other citizens and taxpayers and filed a bill in the United States District Court praying the same injunctive relief that had been denied them in the State Court. Such being the situation, it is apparent that the principles of comity between courts would lead a Federal Court, in view of the dispute being wholly local and the State Court having already taken jurisdiction and action, to have declined to proceed in the matter. Moreover, apart from the question of the principle of comity, the School Directors appeared specially and prayed the court to dismiss the bill for want of jurisdiction. This question of jurisdiction called for initial decision of that underlying question so that the defendants should not be subjected to the expense and burden of needless litigation. Had it then passed on the question of jurisdiction, the bill should have been dismissed. All parties were citizens of Pennsylvania, and as the issue in the case was the statutory power of the School District acting by its directors to build the school, no federal question was involved. Moreover, if it had been involved, the plaintiff had an adequate remedy at law, for the State Court which was exercising jurisdiction could pass on that question, if raised, with the result that by due and orderly procedure all federal questions could finally be decided in the suit in the state court. If wrongfully denied by it and the Supreme Court of the State, review of federal questions could be had by the United States Supreme Court. In addition to the motion of the township to dismiss for want of jurisdiction, the Attorney General of Pennsylvania, as also the United States Attorney, on behalf of the United States, moved to dismiss on the same ground, the former calling the Court's attention to the fact that "original jurisdiction in this case was taken by the Court of Common Pleas of Lancaster County before the filing of the bill in equity in this case by the above captioned petitioners," and "that the Board of School Directors of the said township are agents of the Commonwealth of Pennsylvania, as far as the administration of the public school laws of the Commonwealth are concerned, and the Act of April 13, 1911, P.L. 63 [24 P.S.Pa. § 1631], provides that it shall be the duty of the Board of School Directors to abandon one-room school or schools, and to erect suitable modern buildings for the purpose of consolidating and properly grading all ungraded schools, and the Act of June 18, 1919, P.L. 498, as amended [24 P.S.Pa. §§ 1632–1636; 72 P.S.Pa. §§ 4261–4263], provides that any school district may establish, equip, furnish and maintain consolidated schools, and may transport pupils to and from."

These initial and challenging questions of jurisdiction, as well as several other requests by the School District during the protracted litigation, the court did not act upon, stating at various times:

"The Motion of the Defendants to dismiss the Bill of Complaint for want of jurisdiction in this Court is reserved for further consideration."

"I will not therefore, at this time, pass finally on the question of jurisdiction. The grounds for assuming jurisdiction, and the fundamental equities involved are sufficiently strong to warrant me in withholding final disposition of the case until the question of whether or not the taxpayers and citizens of East Lampeter Township want the Federal funds for this purpose is decided."

---

[1] "Section 1. Be it enacted, etc., That whenever graded schools can be made to accommodate the pupils of one or more ungraded schools, by consolidating said ungraded school or schools with another school, either graded or ungraded, it shall be the duty of the board of school directors to abandon the one-room school or schools, and, instead of repairing or rebuilding the one room schoolhouse or schoolhouses, they shall erect a suitable modern building for the purpose of consolidating and properly grading all of the said schools: Provided, That no pupil of the abandoned schools shall be required to walk more than a mile and a half to the new school building." Act Pa. April 13, 1911, P.L. 63, § 1, 24 P.S. Pa. § 1631.

But it appearing that the United States government had contributed some forty odd thousand dollars to aid in the construction of the building, a large amount of testimony was taken bearing on the integrity and wisdom of the grant, a matter which in no way conferred jurisdiction on the Court below or affected the question whether the School Directors had statutory power to build the school.

Holding as we do that the Court below was without jurisdiction and that no federal question was involved, the injunction granted is voided and the record remanded with instructions to dismiss the bill.